# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### FEBRUARY 1999 SESSION

FILED

April 29, 1999

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9805-CC-00233 |
| Appellee, | ) |
| | ) Williamson County |
| V. | ) |
| | ) Honorable Timothy L. Easter, Judge |
| | ) |
| **JOHNELL HOSKINS,** | ) (Statutory Rape) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

JAMES V. MONDELLI
5115 Maryland Way
Brentwood, TN 37027

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

TIMOTHY BEHAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

RONALD L. DAVIS
District Attorney General

DEREK SMITH
Assistant District Attorney General
P.O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

## OPINION

The defendant, Johnell Hoskins, pleaded guilty to two counts of statutory rape and was sentenced to two years in the Tennessee Department of Correction for each count, with his sentences to run concurrently. The defendant appeals, arguing that these sentences are excessive and that the trial court erred in denying his request for alternative sentencing. We AFFIRM the judgment of the trial court.

## BACKGROUND

On October 18, 1996, the defendant, who was forty-one years of age, took his two victims, ages fifteen and sixteen, to the Dixon Motel and engaged them in group sex. The older victim lived with her mother in the defendant's home at the time of the offense. The younger victim was spending the night with the defendant's daughter. By all accounts, including the defendant's own testimony, the defendant was a close friend and a father figure to both girls. To illustrate, the state introduced a letter from the defendant to the younger victim in which he told her he loved her like his own daughter and that she should feel like his home was her own.

At the defendant's sentencing hearing, the younger victim testified that the defendant gave her Valium and alcohol prior to taking the girls to the Motel. Although, by the nature of the charges, consent was not an issue, the testifying victim also indicated that she felt coerced to have sex with the defendant. In addition, she contradicted the defendant's assertion that this was an isolated incident. She testified, rather, that the defendant had inappropriately touched both girls on previous occasions and had continued to sexually molest the girl who lived in his home on several occasions after the instant offenses. Finally, she testified that she has been extremely depressed, even suicidal, since the incident.

The defendant testified that his wife had committed suicide in February 1996. In September 1996, his daughter had been involved in a serious automobile accident and his best friend's husband had died. According to the defendant, these events had caused him to suffer severe depression, such that he had been seeing a psychiatrist and taking Prozac and other medications at the time of his offenses. Several defense witnesses also confirmed that the defendant had become severely depressed after his wife's death and continued to suffer from depression at the time of his offenses.

Finally, as relevant here, the state introduced the defendant's history of criminal behavior, which included a twenty-year old conviction for driving under the influence, an expunged conviction for receiving and concealing, a worthless check charge, and an harassment charge.

Based on the above testimony, the trial court found applicable one enhancement factor–that "[t]he defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114(1). Finding no mitigating factors, the trial court sentenced the defendant to the range I maximum of two years confinement on each count, with the sentences to be served concurrently. The defendant now challenges these sentences.

**STANDARD OF REVIEW**

When an accused challenges the length or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our

review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported in the record, then this Court may not disturb the sentence even if we would have preferred a different result. See State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The appellant carries the burden of showing that the sentence is improper. See Tenn. Code Ann. § 40-35-401(d) sentencing comm'n cmts; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996).

### SENTENCING FACTORS

The appellant first argues that the trial court erred in failing to find applicable two mitigating factors: (1) that the defendant committed his offenses during a period of severe depression caused by his late wife's suicide, see Tenn. Code Ann. § 40-35-113(8); and (2) that the defendant has a "fairly exemplary record."[1]

Several defense witnesses testified that the defendant had been severely depressed since his wife's suicide. As a result of this depression, the defendant testified that he was taking Prozac and other medications at the time of his offense and that he had been seeing a psychiatrist. Nevertheless, the record contains no evidence that this depression "significantly reduced the defendant's culpability for the offense." Tenn. Code Ann. § 40-35-113(8). "That is, no causal link has been established between the ailment and the offense." State v. Mark W. Rawlings, No. 02C01-9612-CR-00475 (Tenn. Crim. App. filed Feb. 10, 1998, at Jackson); see also State v. Katherine Irene Warren, No. 01C01-9710-CC-00455 (Tenn. Crim. App. filed, Oct. 28, 1998, at Nashville) (rejecting application of mitigating factor (8) for lack of causal proof); State v. Treva Strickland, No. 03C01-9611-CC-00427 (Tenn. Crim. App. filed Dec. 16, 1997, at Knoxville) (rejecting application of factor (8) to defendant who had

---

[1]In his brief to this Court, the defendant does not state what mitigating factors he alleges should have applied, but refers to them merely as those "so prolifically testified to [sic]" and those "urged upon the trial court." The factors listed above are those that he appeared to argue before the trial court.

undergone mental health treatment and was taking Prozac and Valium, but "offered no proof regarding how her alleged mental condition significantly reduced her culpability for the offenses"). Therefore, on the record before this Court, we cannot conclude that the trial court erred in rejecting this proposed factor.

As to the defendant's "fairly exemplary record," the trial court found that the defendant's record of criminal convictions or behavior was sufficient to support enhancement of his sentence. The defendant does not challenge this finding, and we note no error. It is inconceivable, then, how this Court could be expected to conclude that this same record merits mitigation. This issue is without merit.

Upon our de novo review, we also note at least one additional enhancement factor that, although neither argued by the state nor found by the trial court, is clearly supported by the evidence. The cumulative and uncontroverted evidence shows that the defendant had a close, even quasi-familial, relationship with the victims. His exploiting that relationship to seduce the victims clearly amounts to an abuse of private trust. See Tenn. Code Ann. § 40-35-114(15). Thus, we find enhancement factor (15) applicable and entitled to significant weight.

**ALTERNATIVE SENTENCING**

The defendant next asserts that the trial court erred in denying his request for alternative sentencing. Although the defendant is presumed to be a favorable candidate for alternative sentencing, see Tenn. Code Ann. § 40-35-102; the trial court found this presumption rebutted, concluding that "confinement is necessary to avoid depreciating the seriousness of the offense" and "to provide an effective deterrence to others likely to commit similar offenses," Tenn. Code Ann. § 40-35-103(1)(B).

The defendant attacks these findings, arguing that neither is supported by the record. With regard to deterrence, the defendant notes that the state presented no evidence indicating a special need for deterrence relative to the jurisdiction. It is generally true that the need for deterrence cannot be conclusionary only, but must be supported by evidence in record indicating that the sentence imposed would have a deterrent effect within the jurisdiction. See State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995). However, this Court has held that some offenses, including certain sexual offenses against minors, are per se deterrable. See, e.g., State v. Damon W. Bryd, No. 01C01-9503-CR-00083 (Tenn. Crim. App. filed Aug. 1, 1996, at Nashville) ("[C]ertain criminal offenses, by their very nature, need no extrinsic proof to establish the deterrent value of punishment.") (citing State v. Charles A. Pinkham, Jr., No. 02C01-9502-CR-00040 (Tenn. Crim. App. filed May 24, 1996, at Jackson); State v. Millsaps, 920 S.W.2d 267, 271 (Tenn. Crim. App. 1995)). "[T]he need for incarceration of offenders in these cases is self-evident." State v. Joseph J. Brooks, No. 03C01-9706-CC-00220 (Tenn. Crim. App. filed Sept. 10, 1998, at Knoxville).

None of the cited cases, however, involved statutory rape. While it might seem appropriate to extend this precedent under the circumstance of the present case, to denominate an offense as deterrable "per se" necessarily precludes consideration of the circumstances of the offense as committed. We decline to extend the above line of cases to hold that confinement is warranted based on deterrence in every instance of statutory rape. Therefore, because the record contains no specific evidence supporting a need for deterrence, we conclude that confinement is not justified on this basis in the present case.

Nevertheless, the trial court's finding that confinement is necessary to avoid depreciating the seriousness of his offenses is well-founded. For this factor to warrant a sentence of confinement, "'the circumstances of the offense

as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring a sentence other than confinement." Bingham, 910 S.W.2d at 455 (quoting State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991)). The defendant argues that although "the trial court's concerns about the offense are valid, . . . [these concerns] are applicable to every case involving statutory rape." We emphatically disagree. Within the range of activities constituting statutory rape, one can clearly distinguish the defendant's predatory actions from a fully consensual sexual relationship between persons merely of disparate age. The defendant was an authority figure and family friend who used his influence to coerce two vulnerable teenage girls, one of whom lived in his home, to engage in group sex after providing them with drugs and alcohol. The testifying victim stated that the defendant threatened the girls to prevent them from reporting the incident. She also testified that the defendant had inappropriately touched both girls previously and continued to molest one after the present offenses. Finally, she related that the incident had so severely affected her that she had contemplated suicide. Under these circumstances, we have no difficulty agreeing with the trial court that the defendant's offenses, as committed, were especially shocking and reprehensible.

**CONCLUSION**

The trial court's findings relative to mitigating factors and alterative sentencing are without error. Although we find one additional enhancement factor, the defendant has already received the maximum sentence. Thus, the sentence of the trial court is AFFIRMED.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

-8-

_____
DAVID G. HAYES, Judge




_____
JAMES CURWOOD WITT, JR., Judge